TURNER *v.* STATE.

(In Banc. Dec. 10, 1945.)

[24 So. (2d) 84. No. 36001.]

Stone & Stone, of Coffeeville, for appellant.

**Greek L. Rice,** Attorney General, by **R. O. Arrington,** Assistant Attorney General, for appellee.

**McGehee, J.,** delivered the opinion of the court.

Pursuant to a valid search warrant for intoxicating liquor, the officers entered the home of the appellant, and there found one jar of apple juice, and a jar that contained about a half gallon of "home-brew" in the ice box. On this evidence the accused was convicted under an affidavit charging him with the unlawful possession of intoxicating liquor, to wit, "alcoholic malt." The competent proof upon the trial failed to show that the liquid referred to as "home-brew" was intoxicating; and

of course there is no contention that the apple juice was intoxicating.

Section 2613, Code 1942, makes it unlawful for any person to have in his possession, except as authorized under a subsequent section of said Code, ''any vinous, alcoholic, malt, intoxicating or spiritous liquor, or intoxicating bitters or drinks, which if drunk to excess will produce intoxication, . . . '' But it was not shown by any competent evidence that the preparation found in the icebox of the defendant came within the class of liquors or drinks enumerated in this statute, nor that it contained any such ingredients as to make it what is commonly known as intoxicating liquor. In fact, there was no competent evidence as to what this liquor was made of. However, if the officers had testified that it was whisky, or some other beverage commonly known to be intoxicating, then the state would not have been required to prove either its alcoholic content, or the fact that it would intoxicate if drunk to excess.

In the case of Fuller v. City of Jackson, 97 Miss. 237, 52 So. 873, 876, 30 L. R. A. (N. S.) 1078, where the defendant was convicted of selling a beverage known as ''Brewett,'' without the state having made specific proof that the same was intoxicating, the Court reversed the conviction, saying among other things, in response to a suggestion of error, that, ''There is no proof in the record as to how this 'Brewett' is made—that is to say, whether it is a malt liquor—nor is it proven to be vinous, or spirituous.'' It was agreed in that case that this beverage contained a small quantity of alcohol.

In the Fuller case, supra, there was also involved on the same appeal another conviction of the defendant for having sold ''Malt Ale,'' which was shown to contain 2.71 per centum of alcohol by volume, and 2.12 of one per centum of alcohol by weight. On suggestion of error the Court decided to uphold the latter conviction, on the ground that the Court could take judicial notice of the fact that a beverage shown to contain such a per

centum of alcohol by volume and by weight, was intoxicating, in the absence of any testimony to that effect.

It is true that the jar of homebrew was introduced in evidence in the case at bar. But it does not appear from the record whether the jurors either tasted or smelled it, either before or after they retired to consider their verdict, or as to how they may have otherwise determined its alcoholic content. Then, too, the defendant may have been entitled to have had such proof made in his presence and hearing, in order that he might avail himself of the privilege of cross-examining the witnesses in that behalf. At any rate, we do not think the proof that this preparation was an intoxicating liquor is sufficient to sustain this conviction. One of the witnesses said that he smelled it, but his testimony is insufficient to constitute an affirmative statement that it was intoxicating liquor.

Reversed and judgment here for the appellant.